V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Ryann E. Hall (SBN: 306080) Of-Counsel
rhall@bohmlaw.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880
Email: VJD000084@bohmlaw.com

Attorneys for Plaintiff, GERSON LOPEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERSON LOPEZ,<br><br>          PLAINTIFF,<br><br>          v.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE, in his individual and official capacity; and DOES 1-10 inclusive,<br><br>          DEFENDANTS. | Case No: 2:21-cv-4068<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1.  **Violation of the Fourth Amendment: Unreasonable Use of Excessive Force (42 U.S.C. § 1983)**<br>2.  **Violation of the First Amendment (42 U.S.C. § 1983)**<br>3.  **Bane Act (Cal. Civil Code § 52.1)**<br>4.  **Battery**<br>5.  **Negligence**<br>6.  **Intentional Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF, GERSON LOPEZ for his complaint against DEFENDANTS CITY OF LOS ANGELES, Police Chief MICHEL MOORE, and DOES 1-10 (hereinafter collectively DEFENDANTS), inclusive, alleges as follows:

## **NATURE OF ACTION**

This action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under federal and state law in connection with officers' unjustified assault and use of force against GERSON LOPEZ by DEFENDANT DOES 1-10 of the Los Angeles Police Department (hereinafter "LAPD").

This action arises out of protests across the United States and other nations following the murder of George Floyd by officers within the Minneapolis Police Department.  After the deaths of Breonna Taylor and Ahmaud Arbery and others, hundreds of thousands of people around the country and globe simultaneously expressed their support for the Black Lives Matter movement and the collective condemnation for the deaths of Black, Indigenous and People of Color men and women, at the hands of law enforcement and vigilantes condoned by local law enforcement. Large demonstrations occurred in the Los Angeles area, and the vast majority of the participants were peaceful, principled individuals exercising their First Amendment Right to assemble to seek redress for grievances.

The CITY OF LOS ANGELES has been repeatedly sued for the tactics the LAPD engaged in over the course of the above-mentioned arrests. The LAPD displayed tactics including, but not limited to excessive force with batons and rubber bullets.

## **PARTIES AND THEIR AGENTS**

1.     PLAINTIFF, GERSON LOPEZ, at all times mentioned in this Complaint was a resident of the County of Los Angeles, California.

2.     PLAINTIFF is informed and believed DOES 1-10 are individuals living in the County of Los Angeles, California.  At all relevant times, DOES 1-10 were public employees and agents of DEFENDANT CITY OF LOS ANGELES

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lopez v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                          Ryann E. Hall, Esq

and were acting with the course and scope of their respective duties as police officers and with complete authority and ratification of their principal DEFENDANT CITY OF LOS ANGELES.

3.     At all relevant times, DEFENDANTS DOES 1-10 were duly appointed officers and/or employees or agents of the CITY OF LOS ANGELES subject to oversight and supervision by CITY OF LOS ANGELES' elected and non-elected officials.

4.     PLAINTIFF is informed and believes, and thereon alleges, that DOES 1-10 were agents, servants, and employees of DEFENDANT CITY OF LOS ANGELES and/or the LAPD.  PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1-10, inclusive, and therefore sue these DEFENDANTS by such fictitious names.  PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. As such, the individual DOE DEFENDANTS are sued in both their individual and official capacities.

5.     In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS DOES 1-10 were acting on the implied and actual permission and consent of CITY OF LOS ANGELES and CHIEF MICHEL MOORE.

6.     DEFENDANT CITY OF LOS ANGELES is a municipal corporation duly organized and existing under the Constitution and laws of the State of California. LAPD is a local government entity and an agency of CITY OF LOS ANGELES, and all actions of the LAPD are the legal responsibility of the CITY OF LOS ANGELES. The CITY OF LOS ANGELES is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights claims.

7.     DEFENDANT MICHEL MOORE is, and was, at all times relevant to this action, the LAPD police chief and a policymaker for his department.  He is sued

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lopez v. City of Los Angeles, et al.*                                      V. James DeSimone, Esq.
Case No.:                                                                          Ryann E. Hall, Esq

1    in both his individual and official capacities.

2         8.    All DEFENDANTS who are natural persons, including DOES 1-10,

3    are sued individually and/or in his/her official capacity as officers, sergeants,

4    captains, commanders, supervisors, and/or civilian employees, agents, policy

5    makers, and representatives for the CITY OF LOS ANGELES.

6         9.    Finally, at all relevant times mentioned herein, all DEFENDANTS

7    acted as agents of all other DEFENDANTS in committing the acts alleged herein.

8                     **<u>JURISDICTION AND VENUE</u>**

9         10.    This Court has subject matter jurisdiction over the PLAINTIFF's

10   claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil

11   rights jurisdiction).   This Court has jurisdiction to issue declaratory or injunctive

12   relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure

13   57.

14        11.    Venue is proper in the Central District of California pursuant to 28

15   U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein

16   occurred in the Central District of California.

17              **<u>FACTS COMMON TO ALL CAUSES OF ACTION</u>**

18        12.       On May 30, 2020, at approximately 12:10 a.m., Gerson Lopez

19   (hereinafter "Mr. Lopez") was safely driving around Downtown Los Angeles

20   following the crowd of peaceful protesters and honking his car horn in support of

21   the First Amendment protected speech activities.

22        13.    Upon information and belief, there was no curfew in effect at the time.

23        14.       As Mr. Lopez was driving, he noticed a small fire in the middle

24   of the road with a line of police officers forming around it.

25        15.    Mr. Lopez parked his car to the right of the street and approached the

26   scene, unarmed, to take a photo.

27        16.       Mr. Lopez walked closer towards the line of Los Angeles

28   Police Department ("LAPD") officers to take a picture near the small fire.

17.   The officers did not make any comments, warnings, or dispersal orders to suggest that approaching the scene was unlawful.

18.   As Mr. Lopez was preparing for his picture to be taken, an unidentified officer shot him in the face with a less-lethal weapon. Mr. Lopez immediately collapsed and noticed blood on his face as he reached out to touch his face. Despite being able to break his fall with his elbow and shoulder, Mr. Lopez felt severe pain throughout his entire skull.

19.   Mr. Lopez immediately went to the hospital to seek help but could not hold himself up or even stay still for the CT due to the excruciating pain.

20.   Three (3) days later, on or around June 2, Mr. Lopez returned to the hospital to seek additional help and was required to stay overnight as his pain continued to persist. Even then, he struggled to hold himself up.

21.   LAPD intentionally subjected Mr. Lopez to multiple physical injuries and pain, including contusions on his face, diminished mobility, concussion, brain injury, trauma, and emotional distress.

22.   In their aggressive treatment of Mr. Lopez, LAPD officers violated his rights under the US and California Constitution, California Civil Codes, and intentionally inflicted Mr. Lopez with physical injury and pain, trauma, mental harm, and emotional distress. The actions of the LAPD were executed pursuant to a policy, practice, and custom of responding to lawful protests in an unnecessarily punitive and inhumane manner.

23.   On October 21, 2020, Plaintiff timely submitted his Government Tort Claim to the City of Los Angeles.

24.   On November 19, 2020, the City of Los Angeles denied Plaintiff's claim in writing.

## MONELL ALLEGATIONS

25.   THE CITY, through CHIEF MOORE and the LAPD, has failed to train its officers in the constitutional response to peaceful demonstrations as revealed by

the above-described allegations. DEFENDANTS have a custom of using excessive force against peaceful protestors, shooting less lethal projectiles, ramming police vehicles into people participating peacefully at lawful assemblies and applying policies and sanctioning actions that cause severe injury and permanent damage, without warning or command, based on reckless disregard for human life or specious group "suspicion."

26. THE CITY has been aware of deficiencies in its training since at least 2000 followed by settlement agreements in June 2005 and June 2009 to revise policies and training. THE CITY is subject to prior Court Orders stating that, "[l]ess lethal munitions may only be deployed on aggressive and/or combative subjects in a crowd control situation." Yet LAPD officers repeatedly targeted individuals who were in no way aggressive or combative with less lethal munitions causing severe injury. The unlawful crowd control, excessive use of force, inter alia, DEFENDANTS utilized against Mr. Lopez and others fail constitutional requirements.

27. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), DEFENDANT THE CITY is liable for all or all injuries sustained by Plaintiffs as set forth herein. THE CITY bears liability because its policies, practices and/or customers were a cause of and moving force for PLAINTIFF's injuries, and/or because THE CITY ratified the unlawful actions of its employees that caused Lopez's injuries. THE CITY and its supervisory officials, including DEFENDANT CHIEF MOORE, maintained or permitted one or more of the following policies, customs or practices which displayed reckless and deliberate indifference to the constitutional rights of persons such as PLAINTIFF and were a direct cause of PLAINTIFF's damages:

a. In the wake of the Derek Chauvin murder of George Floyd, THE CITY and LAPD knew that there would large groups of peaceful protestors exercising their First Amendment Rights and who should be protected and respected, so those

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Lopez v. City of Los Angeles, et al.*  Case No.:  V. James DeSimone, Esq.  Ryann E. Hall, Esq

rights are not infringed. THE CITY and LAPD also knew there was a possibility that a minority would engage in criminal activity including property destruction and looting. THE CITY, through the LAPD, directed, condoned, encouraged its Officers to disperse the large crowds in violation of their First and Fourth Amendment rights through violent assaults with less lethal projectiles and baton strikes. Moreover, these violent assaults occurred while those looting and destroying property were often ignored;

b.    By employing and retaining as police officers and other personnel, including DOES 1-10, who DEFENDANTS THE CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written Police Department's policies of THE CITY, including the use of excessive force and reckless disregard for human life and safety;

c.    By failing to provide adequate training and supervision to police officers with respect to constitutional limits on the use of 37 and 40 mm munitions, batons, tasers and other so called "less lethal" weapons;

d.    By failing to provide adequate training and supervision for THE CITY's police officers on how to respond properly to peaceful protests and/or members of the press during peaceful protests;

e.    By inadequately supervising, training, controlling, assigning, and disciplining THE CITY police officers, and other personnel, including DOES 1-10, who DEFENDANTS CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

f.    By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional

misconduct by DEFENDANTS DOES 1-10, who are THE CITY's employees and police officers;

g.    By failing to adequately train officers, including DEFENDANTS DOES 1-10, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

h.    By failing to discipline or retrain THE CITY police officers' including DEFENDANTS DOES 1-10 for conduct such as use of force and reckless disregard for human life and safety;

i.    By condoning and encouraging of THE CITY's police officer, and other personnel, including DEFENDANTS DOES 1-10, in the belief that they can violate the rights of persons, such as PLAINTIFF, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits; and

j.    By ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint.

28.  On multiple occasions, THE CITY has condoned, allowed, and/or encouraged the use of excessive force and the violation of the constitutional rights by its officers.

### FIRST CAUSE OF ACTION

**Violation of the Fourth Amendment: Unreasonable Use of Excessive Force**

**(42 U.S.C. § 1983)**

**(AGAINST ALL DEFENDANTS)**

29. Plaintiff repeats and realleges each and every allegation in preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30. Defendants Doe Officers 1-5 used excessive force against Lopez including but not limited to the use of force and shooting rubber bullets at him.

1  Defendants Doe Officers 1-5 unjustified use of force, including shooting Lopez
2  with rubber bullets, deprived him of his right to be secure in his person against
3  unreasonable searches and seizures as guaranteed to him under the Fourth
4  Amendment to the United States Constitution and applied to state actors by the
5  Fourteenth Amendment.

6       31. The shooting was excessive and unreasonable because Lopez posed no
7  immediate threat of death or serious bodily injury at the time of the shooting.
8  Further, Defendant Does 1-5's shooting and use of force violated their training and
9  police officer standard training.

10      32. Defendant Moore is liable in his supervisory capacity as he was
11 aware that his officers were engaging in excessive force against citizens and failed
12 to prevent his subordinates from engaging in such conduct.

13      33. Defendant City is liable pursuant to *Monell* because it maintained,
14 condoned and/or permitted a policy, custom and/or practice of conscious disregard
15 of and reckless indifference to Constitutional rights which was a moving force in
16 the violation of Lopez rights and/or because it ratified the actions of its employees
17 by finding that their actions leading to the injury of Lopez were in conformity with
18 the LAPD's policy and by failing to discipline the involved officers and employees.

19      34. Defendants Does 6-10 are liable for their direct actions as supervisors
20 which caused the deprivation of Lopez's constitutional rights.

21      35. On information and belief, Does 1-5 were not disciplined,
22 reprimanded, retrained, suspended, or otherwise penalized in connection with
23 Lopez's injury.

24      36. On information and belief, the City failed to properly and adequately
25 train Does 1-5, including but not limited to, with regard to the use of physical force,
26 less than lethal force, and lethal force.

27      37. The training policies of Defendant City were not adequate to train its
28 officers to handle the usual and recurring situations with which they must deal,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Lopez v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                 Ryann E. Hall, Esq

including the use of less than lethal and lethal force.

38. Defendant City was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

39. The failure of Defendant City to provide adequate training caused the deprivation of Plaintiff's rights by Doe Officer 1-5; that is Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

40. As alleged herein, Defendant City, maintained, inter alia, unconstitutional customs, practices, and policies as set forth herein, including but not limited to:

k.   Using excessive force, including excessive deadly force;

l.   Providing inadequate training regarding the use of deadly force;

m.   Employing and retaining officers and other personnel, including Does 1-10, who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow Los Angeles Police Department's policies and for using excessive force;

n.   Inadequate supervising, training, controlling, assigning and disciplining Los Angeles Police Department Officers and other Los Angeles Police Department personnel, Does 1-10, who each knew, or in the exercise of reasonable care, should have known the aforementioned propensities and character traits;

o.   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Los Angeles Police Department officers, including the individual defendants;

p.   Failing to discipline Los Angeles Police Department Officers, including Defendants Does 1-10 for the above referenced categories of misconduct including "slaps on wrists", discipline that is so slight as to be out of proportion to the magnitude of misconduct and other inadequate discipline which is tantamount to

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lopez v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                 Ryann E. Hall, Esq

encouraging misconduct;

q.  Contending that unjustified shootings, including the shooting of Mr. Lopez, are "within policy" and justified or warranted;

r.  Maintaining a policy of inaction and an attitude of indifference toward the soaring numbers of police shootings, including failure to discipline, retrain, investigate, terminate and recommend officers for criminal prosecution who participate in unjustified shootings of unarmed people or otherwise engage in the use of excessive force during encounters with citizens;

s.  Having and maintaining an unconstitutional practice of using excessive force and covering up police misconduct;

t.  Failing to properly train officers to use nonlethal force and to maintain their skills in the use of their equipment designed to provide alternatives to lethal force; and

u.  Having and maintaining an unconstitutional custom and practice of using excessive force when de-escalating tactic could have used.

41. As a direct and legal result of Defendants' acts and omissions, Lopez suffered damages, including physical and emotional pain and suffering, loss of enjoyment of life.

42.  LAPD intentionally subjected Mr. Lopez to multiple physical injuries and pain, including contusions on his face, diminished mobility, concussion, brain injury, trauma, and emotional distress. In addition, his head still constantly throbs in pain, and his entire jaw hurts when he talks. His ability to chew is considerably diminished, and any contact, even just with his tongue, shoots pain in his jaw. He feels constant pressure on the entire right side of his face and struggles to keep his head up for long periods without straining his neck.

43. Plaintiff is informed and believes and thereon alleges that the acts of the Defendants Does 1-10 were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of Mr. Lopez's rights, justifying the

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  awarding of punitive and exemplary damages against the individual Defendants in
2  an amount to, be determined at the time of trial.

3      44. Plaintiff seeks attorney fees under this claim pursuant to 42 U.S.C.
4  Section 1988.

5                    **SECOND CAUSE OF ACTION**
6            **Violation of the First Amendment (42 U.S.C. § 1983)**
7                    **(AGAINST ALL DEFENDANTS)**

8      45. Plaintiff repeats and realleges each and every allegation in preceding
9  paragraphs of this Complaint with the same force and effect as if fully set forth
10 herein.

11     46. DEFENDANTS' conduct, described above, violated PLAINTIFF's
12 rights to freedom of speech, assembly, and association under the First Amendment
13 to the United States Constitution.

14     47. DOES 1-5 prevented Lopez from continuing to engage in the protected
15 activity by wrongfully assaulting and battering him, and using excessive force when
16 shooting him.

17     48. Lopez was engaged in constitutionally protected activity while he was
18 protesting and taking a photograph in downtown Los Angeles.

19     49. Defendants' conduct prevented Lopez from freely expressing his First
20 Amendment Right to peaceably assemble and protest.

21     50. Lopez's protected activity under the First Amendment was a
22 substantial or motivating factor in DEFENDANT's actions, including the decision
23 to use force.

24     51. The shooting was excessive and unreasonable because Lopez posed no
25 immediate threat of death or serious bodily injury at the time of the shooting.
26 Further, Defendant Does 1-5's shooting and use of force violated their training and
27 police officer standard training.

28     52. Defendant Moore is liable in his supervisory capacity as he was aware

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Lopez v. City of Los Angeles, et al.*                      V. James DeSimone, Esq.
Case No.:                                                   Ryann E. Hall, Esq

1  that his officers were engaging in conduct in violation of the first amendment and
2  failed to prevent his subordinates from engaging in such conduct.

3      53. Defendant City is liable pursuant to *Monell* because it maintained,
4  condoned and/or permitted a policy, custom and/or practice of conscious disregard
5  of and reckless indifference to Constitutional rights which was a moving force in
6  the violation of Lopez rights and/or because it ratified the actions of its employees
7  by finding that their actions leading to the injury of Lopez were in conformity with
8  the LAPD's policy and by failing to discipline the involved officers and employees.

9      54. Defendants Does 6-10 are liable for their direct actions as supervisors
10  which caused the deprivation of Lopez's constitutional rights.

11     55. On information and belief, Does 1-5 were not disciplined,
12  reprimanded, retrained, suspended, or otherwise penalized in connection with
13  Lopez's injury.

14     56. On information and belief, the City failed to properly and adequately
15  train Does 1-5, including but not limited to, with regard to the use of physical force,
16  less than lethal force, and lethal force against peaceful protestors.

17     57. The training policies of Defendant City were not adequate to train its
18  officers to handle the usual and recurring situations with which they must deal,
19  including the use of less than lethal and lethal force against peaceful protestors.

20     58. Defendant City was deliberately indifferent to the obvious
21  consequences of its failure to train its officers adequately.

22     59. The failure of Defendant City to provide adequate training caused the
23  deprivation of Plaintiff's rights by Doe Officers 1-5; that is Defendants' failure to
24  train is so closely related to the deprivation of Plaintiff's rights as to be the moving
25  force that caused the ultimate injury.

26     60. As alleged herein, Defendant City, maintained, inter alia,
27  unconstitutional customs, practices, and policies as set forth herein, including but
28  not limited to:

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Lopez v. City of Los Angeles, et al.*                                V. James DeSimone, Esq.
Case No.:                                                             Ryann E. Hall, Esq

a.   Using excessive force, including excessive deadly force;

b.   Providing inadequate training regarding the use of deadly force;

c.   Employing and retaining officers and other personnel, including Does 1-10 who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow Los Angeles Police Department's policies and for using excessive force;

d.   Inadequate supervising, training, controlling, assigning and disciplining Los Angeles Police Department Officers and other Los Angeles Police Department personnel, Does 1-10, who each knew, or in the exercise of reasonable care, should have known the aforementioned propensities and character traits;

e.   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Los Angeles Police Department officers, including the individual defendants;

f.   Failing to discipline Los Angeles Police Department Officers, including Defendants Does 1-10 for the above referenced categories of misconduct including "slaps on wrists", discipline that is so slight as to be out of proportion to the magnitude of misconduct and other inadequate discipline which is tantamount to encouraging misconduct;

g.   Contending that unjustified shootings, including the shooting of Mr. Lopez, are "within policy" and justified or warranted;

h.   Maintaining a policy of inaction and an attitude of indifference toward the soaring numbers of police shootings, including failure to discipline, retrain, investigate, terminate and recommend officers for criminal prosecution who participate in unjustified shootings of unarmed people or otherwise engage in the use of excessive force during encounters with citizens;

i.   Having and maintaining an unconstitutional practice of using excessive force and covering up police misconduct;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lopez v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                           Ryann E. Hall, Esq

j.   Failing to properly train officers to use nonlethal force and to maintain their skills in the use of their equipment designed to provide alternatives to lethal force; and

k.  Having and maintaining an unconstitutional custom and practice of using excessive force when de-escalating tactic could have used.

61. As a direct and legal result of Defendants' acts and omissions, Lopez suffered damages, including physical and emotional pain and suffering, loss of enjoyment of life.

62.  LAPD intentionally subjected Mr. Lopez to multiple physical injuries and pain, including contusions on his face, diminished mobility, concussion, brain injury, trauma, and emotional distress. In addition, his head still constantly throbs in pain, and his entire jaw hurts when he talks. His ability to chew is considerably diminished, and any contact, even just with his tongue, shoots pain in his jaw. He feels constant pressure on the entire right side of his face and struggles to keep his head up for long periods without straining his neck.

63. Plaintiff is informed and believes and thereon alleges that the acts of the Defendants Does 1-10 were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of Mr. Lopez's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to, be determined at the time of trial.

64. Plaintiff seeks attorney fees under this claim pursuant to 42 U.S.C. Section 1988.

### THIRD CAUSE OF ACTION

### BANE ACT (Cal. Civ. Code § 52.1)

### (AGAINST ALL DEFENDANTS)

65.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Lopez v. City of Los Angeles, et al.*                     V. James DeSimone, Esq.
Case No.:                                                             Ryann E. Hall, Esq

66. As alleged herein, Defendants intentionally interfered by threats, intimidation, and/or coercion with Mr. Lopez's exercise and enjoyment of rights under federal and state law and under the federal and state constitutions (including, without limitation, Amendment 1 and 4 of the U.S. Constitution; California Civil Code Section 43 and Penal Code Sections 149, 240, and 242; and Article I, Sections 1, 2, 7, 13, and 17 of the California Constitution), including, without limitation, the right to be free from any violence, the right to bodily integrity, the right of protection from bodily restraint or harm and harm to personal relations, the right to be free from excessive force by police, and the right be free from unreasonable searches and seizures and the right to due process. Defendants acted intentionally and with reckless disregard for the rights of Mr. Lopez.

67. The Defendants, including Does 1-10, who committed battery against Mr. Lopez are liable pursuant to Government Code Section 820. Defendant City is liable to Plaintiff pursuant to Government Code Section 815.2 for the acts of its employees in committing battery against Mr. Lopez.

68. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages and therefore seeks all damages, including actual, compensatory and statutory damages, which are recoverable pursuant to Civil Code Section 52.1 and any other applicable statutes.

69. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of the individual Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages against the individual (non-government entity) defendants in an amount to be determined at time of trial.

70. Plaintiff seeks an award of reasonable attorneys' fees pursuant to Civil Code Section 52.1.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lopez v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                 Ryann E. Hall, Esq

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **FOURTH CAUSE OF ACTION**

## **BATTERY**

## (**AGAINST ALL DEFENDANTS**)

71. Plaintiff repeats and realleges each and every allegation in in the preceding paragraphs, of this Complaint with the same force and effect as if fully set forth herein.

72. Does 1-10 and/or other employees of the City, while acting within the course and scope of their employment and duties, intentionally used excessive force against Mr. Lopez. The use of rubber bullets was an unreasonable use of force against Mr. Lopez, to which he did not consent, and constituted a battery against him.

73. The Defendants, including Does 1-10, who committed battery against Mr. Lopez are liable pursuant to Government Code Section 820. Defendant City is liable to Plaintiff pursuant to Government Code Section 815.2 for the acts of its employees in committing battery against Mr. Lopez.

74. Plaintiffs is informed and believe and thereon allege that the aforementioned acts of the individual Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages against the individual (non-government entity) Defendants in an amount to be determined at time of trial.

## **FIFTH CAUSE OF ACTION**

## **NEGLIGENCE**

## (**AGAINST ALL DEFENDANTS**)

75. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

76. Defendants owed a duty of care to Plaintiff and were required to use

17
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lopez v. City of Los Angeles, et al.*                                      V. James DeSimone, Esq.
Case No.:                                                                              Ryann E. Hall, Esq

reasonable diligence to ensure that Mr. Lopez was not harmed by Defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

a.  Defendants' failure to properly assess the need to use force, including rubber bullets and/or deadly force against Mr. Lopez;

b.  Defendants' failure to prevent the use of unreasonable force against Mr. Lopez;

c.  Defendants' negligent pre-shooting tactics, negligent tactics related to the use of force, and negligent handling of the situation with Mr. Lopez, including conduct that falls below the professional standard of care for peace officer interactions;

d.  Defendants' negligent and/or unreasonable uses of force, including rubber bullets against Mr. Lopez;

e.  The failure of supervisory employees of the City of Los Angeles Police Department to properly train, supervise and discipline employees, including Defendants Does 1-10 regarding the use of force, pre-shooting tactics; and

f.  The negligent hiring, retention and assignment of the LAPD peace officers, including the employees involved in this incident, by supervisory employees of Defendant City including the Police Department.

77.  Employees of the LAPD, including Does 1-10, while acting within the course and scope of their employment and duties, failed to use proper pre-shooting and use of force-related police tactics while interacting with Mr. Lopez.

78.  The Defendants whose negligent acts and omissions were a proximate cause of Mr. Lopez's harm are liable pursuant to Government Code Section 820 among other statutes. Moreover, Defendant City is liable pursuant to Government Code Section 815.2, among other statutes, for the negligent acts and omissions of its employees, which were a direct and proximate cause of Mr. Lopez's harm.

79.  Further, Defendant City is also vicariously liable for the acts and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Lopez v. City of Los Angeles, et al.*                                                                V. James DeSimone, Esq.
Case No.:                                                                                                      Ryann E. Hall, Esq

omissions of its supervisory employees based on their negligent failure to properly train and supervise the employees involved in this incident as alleged herein pursuant to Government Code Section 815.2 and other statutes.

## SIXTH CAUSE OF ACTION

### (AGAINST ALL DEFENDANTS)

80.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

81.   DEFENDANTS DOES 1-10's conduct as described above was extreme and outrageous and was done with the intent of causing PLAINTIFF to suffer emotional distress or with reckless disregard as to whether their conduct would cause her to suffer such distress.

82.   By the aforesaid acts and omissions of DEFENDANT officers, and each of them, Mr. Lopez has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

83.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.

84.   As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

85.   PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,

*Lopez v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                               Ryann E. Hall, Esq

1  oppressive and despicable conduct, and acted with willful and conscious disregard
2  of the rights, welfare, and safety of PLAINTIFF, thereby justifying the award of
3  punitive and exemplary damages in an amount to be determine at trial.

4  ## **PRAYER FOR RELIEF**

5      **WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS
6  CITY OF LOS ANGELES, CHIEF MICHEL MOORE, DOES 1-10, and each of
7  them, as follows:

8      1.      For general economic and non-economic damages according to proof;

9      2.      For special damages according to proof;

10      3.      For punitive damages where allowed by law (against the individual
11  defendants only);

12      4.      For equitable relief;

13      5.      For prejudgment interest;

14      6.      For costs of suit incurred herein;

15      7.      For attorney's fees as allowed by law;

16      8.      For civil penalties as allowed by law;

17      9.      For such other and further relief as this Court deems just and proper,
18  and appropriate.

19
20  Date: May 14, 2021          **V. JAMES DESIMONE LAW**
21
22
23              By: _____
24              V. JAMES DESIMONE, ESQ.
25              RYANN E. HALL, ESQ.
26              Attorneys for Plaintiff,
27              GERSON LOPEZ
28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Lopez v. City of Los Angeles, et al.*        V. James DeSimone, Esq.
Case No.:        Ryann E. Hall, Esq

# **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury.


Date: May 14, 2021                    **V. JAMES DESIMONE LAW**



By: _____
            V. JAMES DESIMONE, ESQ.
            RYANN E. HALL, ESQ.

            Attorneys for Plaintiff,
            GERSON LOPEZ

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Lopez v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:                                                 Ryann E. Hall, Esq